**Don C. Dennis**
**SBN 05749400**
**BOERNER, DENNIS & FRANKLIN, PLLC**
**P. O. Box 1738**
**Lubbock, Texas 79408**
**(806) 763-0044**
**(806) 763-2084 (fax)**

**Attorneys for Monsanto Company and Monsanto Technology, LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM ROBERT HENDERSON, SR., and | § | CASE NO. 06-50085 |
| CHARLOTTE ANN HENDERSON | § | CHAPTER 12 |
| | § | |
| DEBTORS. | § | |

_____

| | | |
|---|---|---|
| | § | |
| MONSANTO COMPANY and | § | |
| MONSANTO TECHNOLOGY, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. |
| | § | |
| WILLIAM ROBERT HENDERSON, SR., and | § | |
| CHARLOTTE ANN HENDERSON | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

COMES NOW Plaintiff, Monsanto Company and Monsanto Technology, LLC (collectively "Monsanto"), by and through counsel, and in support of its Complaint against Defendant, William Robert Henderson, Sr. ("Defendant" and/or "'Debtor"), states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto is licensed to do business in the State of Texas with all fees and licenses paid and otherwise are entitled to bring this action.

2. Defendant filed a Chapter 12 bankruptcy petition on April 12, 2006 (the "Petition Date").

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523. This matter is a core proceeding. 28 U.S.C. §157(b)2)(I).

## BACKGROUND

4. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 3 above.

5. Monsanto is in the business of developing, manufacturing, licensing and selling agricultural biotechnology, agricultural chemical and other agricultural products. After the investment of substantial time, expense and expertise, Monsanto developed a new plant biotechnology that involves the transfer into crop seed of a gene that causes such seed to be resistant to glyphosate-based herbicides such as Roundup® branded herbicides.

6. This genetically improved crop seed is marked by Monsanto and other seed companies as "Roundup Ready®" crop seed.

7. This biotechnology has been utilized in several agricultural crops including cotton, to render them resistant to applications of glyphosate, a herbicide. Roundup® and Roundup Ready ® are registered trademarks of Monsanto.

8. Monsanto's Roundup Ready® seed biotechnology is protected under patents issued by the United States Patent Office, including U.S. Patent Number 5,352,605 (the "605 patent"), a true and accurate copy of which is attached hereto as Exhibit 1 and incorporated herein by reference. This patent was issued and assigned to Monsanto prior to the events giving rise to this action.

9. The claims of the '605 patent are drawn to, among other things, a gene, which is expressed in plant cells. The claims of the '605 patent also cover plants and seeds that contain this gene as well as methods of creating and using such plants and seeds.

10. Monsanto placed the required statutory notice that its Roundup Ready® technology was patented on the labeling of all bags containing Roundup Ready® seed. In particular, each bag of Roundup Ready® seed is marked with notice of U.S. Patent No. 5,352,605.

11. Under the terms of Monsanto's licensing agreements through which its patented Roundup Ready® biotechnology is authorized, a purchaser is only authorized to use the seed for planting a commercial crop in a single growing season, and is prohibited from saving any of the crop produced from the purchased seed for planting or selling saved seed from the crop produced from the purchased seed, or otherwise supplying or transferring any seed produced from the purchased seed to anyone for planting. The only permissible use of the patent protected seed allowed by the licensing agreement is to market the crop derived therefrom as a commodity.

12. Monsanto licenses the use of Roundup Ready® biotechnology to farmers, such as the Defendant, at the retail marketing level. Thus, in order to obtain this patented biotechnology, growers are required to obtain a license.

13. The Defendant executed a licensing agreement for the use of Monsanto's Roundup Ready® biotechnology in 1999 and 2005, a true and accurate copy of which are attached hereto as Exhibit 2 and incorporated herein by reference.

14. Purchasers of Roundup Ready® biotechnology are required to pay a license fee, also known as a technology fee, for each commercial unit of seed purchased.

15. Upon information and belief, in at least 2005, fields farmed by Defendant were planted with "saved" Roundup Ready® cotton seed, that is, cotton seed which was produced from the Roundup Ready® cotton seed which was planted in 2004 or an earlier year.

16. Upon information and belief, subsequent to the planting and the germination of the saved Roundup Ready® cotton seed in at least 2005, those same fields were sprayed with a chemical. This spraying was conducted "over the top," that is, there was no effort being made by those conducting the spraying to insure that the chemical being sprayed did not come in contact with newly germinated cotton plants. Upon information and belief, Defendants fields plated with the saved Roundup Ready ® cotton seed were sprayed with a herbicide containing glyphosate.

17. Upon information and belief, Defendant knowing, intentionally and willfully planted unlicensed, saved Roundup Ready® cotton seed without authorization from Monsanto. The defendant made authorized purchases of certain quantities of soybean seed contain Roundup Ready® biotechnology during the 1998 growing season.

## COUNT I - PATENT INFRINGEMENT - PATENT NO. 5,352,605

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17 above.

4

19. On October 4, 1994, United States Patent No. 5,352,605 was duly and legally issued for an invention in Chimeric Genes for Transforming Plant Cells Using Viral Promoters, and since that date, Monsanto has been and still is the owner of that patent. *See* Exhibit 1. This invention is in the fields of genetic engineering and plant biology.

20. Without authorization or license, Defendant has used Monsanto's patented invention within the United States during the term of Patent No. 5,352,605, and in violation of 35 U.S.C. § 271.

21. Defendant's infringing activities were undertaken with full knowledge and with notice that Defendant was in violation of Monsanto's patent rights.

22. Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

23. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with such interest and costs to be taxed to Defendant. Monsanto requests that these damages be trebled pursuant to 35 U.S.C. § 284 in light of Defendant's knowing, willful, deliberate and conscious infringement of the patent rights at issue and that Monsanto recover its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## **COUNT II – INDUCEMENT TO INFRINGE - PATENT NO. 5,352,605**

24. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

25. In the alternative, through his control of, and/or direct participation in, the actions and operations of William Robert Henderson Farms, Inc., Defendant Henderson

intentionally and actively induced William Robert Henderson Farms, Inc. to use saved Roundup Ready® cotton seed, which actions constitute an unauthorized and illegal use of Monsanto's patented trait.

26. Upon information and belief, Defendant knew or should have known that his actions, including, but not limited to controlling and directing William Robert Henderson Farms, Inc. to make, use, sell, offer to sell, or transfer saved Roundup Ready® cotton seed, would cause and induce William Robert Henderson Farms, Inc. to make unauthorized and infringing uses of articles which are claimed by Monsanto's '605 patent.

27. Defendant's actions alleged above constitute inducement of Monsanto's '605 patent in violation of 35 U.S.C. § 271(b). Monsanto therefore has a right of civil action against Defendant pursuant to 35 U.S.C. § 281.

28 Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

29. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with such interest and costs to be taxed to Defendant. Further, damages should be trebled pursuant to 35 U.S.C. § 284 in light of Defendant's knowing, willful, deliberate and conscious inducement of infringement of the patent rights at issue. Monsanto is also entitled to the reimbursement of its attorneys' fees pursuant to 35 U.S.C. § 285, because of the exceptional circumstances of this case.

**COUNT III – CONVERSION**

30. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 above.

31. By using Roundup Ready® cotton seed without authority, Defendant intentionally and wrongfully exercised dominion, ownership and control over Roundup Ready® technology which was the property of Monsanto under the terms of the '605 Patent and which is only legitimately available to third parties through an express and limited license from Monsanto.

32. Defendant's conversion of Monsanto's property rights was malicious and willful.

33. As a result, Monsanto is entitled to damages equal to the value of the Roundup Ready® cotton seed at the time of the conversion; which is an amount equal to the applicable sale price.

34. As Defendant's conversion of Monsanto's property rights was malicious and willful, Monsanto is entitled to punitive damages.

**COUNT IV - UNJUST ENRICHMENT**

35. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34 above.

36. Defendant's conduct, as described in the above-numbered paragraphs, has resulted in a benefit being conferred upon Defendant and Defendant's appreciation of the benefit in that Defendant illegally made, used, sold and offered to sell, or otherwise transferred unlicensed Roundup Ready® cotton seed, during at least 2005 in contravention of Monsanto's patent rights.

7

37. As a result, Defendant has been unjustly enriched and obtained profits that in equity and good conscience belong to Monsanto.

38. Defendant's acceptance and retention of this benefit under the circumstances renders Defendant's retention of these benefits inequitable.

39. As a result, Monsanto is entitled to damages in an amount equal to the applicable Royalty or Grower Fee and the sale price.

## COUNT V - BREACH OF CONTRACT

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 39 above.

41. The conduct of Defendant, as set forth above, is a breach of the 1999 and/or 2005 licensing agreement (*see* Exhibit 2) which, among other provisions, prohibits the saving, planting and/or transfer or sale of saved Roundup Ready® cotton seed or use of any portion of seed grown from newly purchased Roundup Ready® cotton seed for anything other than marketing the crop derived therefrom into a terminal market as a commodity.

42. As a direct and proximate result of this breach, Monsanto has been damaged and is entitled to damages for breach of the licensing agreement, as well as reasonable attorneys' fees under the licensing agreements.

## COUNT VI - NONDISCHARGEABILITY

43. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above.

44. The Defendant knowing, intentionally, and willfully planted unlicensed, saved Roundup Ready® cotton seed without authorization from Monsanto.

45. The Defendant willfully and maliciously infringed on Monsanto's patented seed technology. The Defendant was fully aware that the saving and replanting of Monsanto's patented seed was prohibited. With knowledge of the prohibition, the Defendant deliberately and intentionally saved Roundup Ready® patented seed from his crops and replanted it in violation of the licensing agreement and Monsanto's patent. The Defendant acted with the knowledge and/or substantial certainty that the saving and replanting of Roundup Ready® patented seed would result in financial harm to Monsanto.

46. The Defendant willfully and maliciously infringed on Monsanto's patented seed technology. The Defendant's action in saving Roundup Ready® patented seed was targeted at Monsanto in such a way that Defendant acted knowingly to deprived Monsanto of its duly owed licensing fee.

47. Defendant's conduct constitutes knowing, intentional, and willful patent infringement, inducement to infringe, conversion, unjust enrichment, and breach of contract, from which Monsanto has suffered damages.

48. Pursuant to 11 U.S.C. § 523(a)(6), the Defendant should not be granted a discharge of any obligations, monetary or non-monetary, arising from Defendant's patent infringement, inducement to infringe, conversion, unjust enrichment, and breach of contract.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Monsanto Company and Monsanto Technology LLC request judgment in their favor and against Defendant William Robert Henderson providing the following remedies:

    a. Entry of judgment for damages, together with interest and costs, to compensate Monsanto for Defendant's patent infringement;

    b.    Trebling of damages awarded for Defendant's infringement of Monsanto's patent rights, together with reasonable attorneys' fees and costs;

    c.    Entry of a permanent injunction against Defendant to prevent Defendant from making, using, planting, selling, or offering to sell or otherwise transferring any Roundup Ready® crop seed in order to protect against future infringement of Monsanto's rights secured by its patents;

    d.    Entry of judgment for damages, together with interest and costs, to compensate Monsanto for Defendant's conversion of Plaintiffs' property rights;

    e.    Entry of a punitive damages award against Defendant for his willful and malicious conversion of Monsanto's property;

    f.    Entry of judgment for damages, together with interest and costs to compensate Monsanto for Defendant's unjust enrichment and the profits obtained that in equity and good conscience belong to Monsanto; and

    g.    Entry of judgment for damages, together with interest, Monsanto's attorneys' fees and costs to compensate Monsanto for Defendant's breach of the licensing agreement; and

    h.    Entry of judgment determining that the Defendant's obligations to Plaintiff arising from Defendant's patent infringement, inducement to infringe, conversion, unjust enrichment, and breach of contract, both non-monetary and monetary are non-dischargeable under 11 U.S.C. § 523(a)(6);

    i.    For such other and further as the Court shall deem appropriate.

    Respectfully Submitted,

*/s/ Don C. Dennis*

_____
Don C. Dennis, Esq.
SBN 05749400
**BOERNER, DENNIS & FRANKLIN, PLLC**
920 Avenue Q
P.O. Box 1738
Lubbock, TX 79408
Phone: (806) 763-0044
Fax: (806) 763-2084

*with*

        Stephen P. Hale, Esq. (TN BPR 11276)
        Carrie Ann Rohrscheib, Esq. (TN BPR 022991)
        **Husch & Eppenberger, LLC**
        200 Jefferson Ave., Ste. 1450
        Memphis, TN 38103
        Phone: (901) 523-1123
        Fax: (901) 523-7472

        Attorneys for Monsanto Company
        and Monsanto Technology, LLC

<u>Certificate of Conference</u>

    I certify that I conferred with Byrn Bass, counsel for Debtor/Adversary Defendant William Robert Henderson and was advised that the relief sought in this proceeding is opposed.

        */s/ Don C. Dennis*
        _____

<u>Certificate of Service</u>

    I certify that I have served a true copy of this document on the following persons on this the 11th day of July, 2006 by regular mail:

    R. Byrn Bass, Jr., Attorney at Law
    State National Bank Building
    4716 4th St., Suite 100
    Lubbock, TX 79416

    Walter OCheskey
    6308 Iola Avenue
    Lubbock, TX 79424

    U.S. Trustee
    1100 Commerce Street
    Room 976
    Dallas, TX 75242-1496

        */s/ Don C. Dennis*
        _____

M:\henderson\-Henderson Complaint re Dischargeability DCD 1.DOC